**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.   11-CR-30150-WDS** |
| | ) | |
| **TOMLIN COLEMAN** | ) | |
| **Defendant.** | ) | |


**<u>ORDER</u>**

**STIEHL, District Judge:**

Before the Court are the government's motions in limine (Docs. 60, 61).   The defendant has filed a response to the first motion in limine (Doc. 63).

The defendant is charged by the grand jury with a marijuana related offense.   Count 1 of the Indictment charges that on or about August 29, 2011, in Madison County, Illinois, defendant knowingly and intentionally possessed with intent to distribute 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Upon review of the record, the Court rules as follows:

1.   The government's first motion in limine (Doc. 60) seeks an Order (a) directing that the defendant not contest the legality of the search and seizure in this case, or to mention, or in any way attempt to re-litigate the legal or Constitutional issues which were raised by the defendant in his motion to suppress evidence and statements, and which were denied by this Court (Doc. 55), and (b) directing the defendant that he may not mention, argue, or advise the jury of the potential penalty faced by the defendant if he were convicted of the offense charged in the indictment.

The defendant has filed a response to this motion (Doc. 63), asserting that it is appropriate

to cross-examine government witnesses regarding the factual matters surrounding the stop, arrest of defendant, and seizure of evidence.   Further, defendant asserts that it is appropriate to cross-examine government witnesses regarding factual issues that may bear on the credibility of the witness.   The defendant, in his response, does not oppose the second part of the government's motion regarding the potential penalty faced by the defendant.

The Court **GRANTS** the government's motion in limine on the first basis as follows: the Court has previously ruled on the legal issues presented in the motion to suppress, including whether there was probable cause to stop defendant's vehicle, and whether the stop was lawful.   It is, therefore, appropriate to limit the cross-examination of the government's witnesses to factual matters surrounding the stop, arrest of the defendant, and the seizure of evidence.   The Court will not allow defendant to mention or in any way re-litigate any Constitutional challenge to the stop, arrest, or seizure of evidence.   *See United States v. Hogsett*, No. 05-30196-WDS, 2006 WL 3692456, at *2 (S.D. Ill. December 13, 2006).

The second part of the government's motion seeks an Order directing the defendant that he may not mention, argue, or advise the jury of the potential penalty faced by the defendant if he were convicted of the offense charged in the indictment.   The defendant did not respond to this part of the government's motion.

"[T]he practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored.   The Supreme Court has stated that, unless a jury has a role in sentencing, such as in capital sentencing proceedings, jurors should be instructed not to consider a defendant's potential sentence during deliberations."   *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997).   Accordingly, the Court **GRANTS** the government's first motion in limine (Doc. 60) on this basis as well.

2. The government's second motion in limine (Doc. 61) seeks an Order prohibiting defense counsel from presenting any argument, either through opening statement or closing arguments, or otherwise attempting to suggest the possibility of jury nullification.   The defendant has not filed a response to this motion.

"A defendant has of course no right to ask the jury to disregard the judge's instructions ("jury nullification")."   *Smith v. Winters*, 337 F.3d 935, 938 (7th Cir. 2003).   "An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly."   *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). Accordingly, the Court **GRANTS** the government's second motion in limine (Doc. 61) and will not allow the defendant to make any argument, either in opening or closing statements, or otherwise suggesting or arguing to the jury, the prospect of jury nullification in this case.


**IT IS SO ORDERED.**

**DATE: <u>May 13, 2013</u>**

<u>/s/   WILLIAM D. STIEHL      </u>
          **DISTRICT JUDGE**

3